**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **HENRY GEORGE TAFFE** | : | **Case No. 1:23-cv-700** |
| **428 Debonhill Ct.** | : | |
| **Cincinnati, Ohio 45238** | : | **Judge** |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | |
| | : | |
| **GIVAUDAN FLAVORS CORP.** | : | |
| **1199 Edison Dr. 1-2** | : | |
| **Cincinnati, OH 45216** | : | |
| | : | |
| **Defendant.** | : | |

_____

**COMPLAINT AND JURY DEMAND**
_____

Plaintiff Henry George Taffe, for his Complaint against Defendant, Givaudan Flavors Corporation ("Givaudan"), states as follows:

## I.     PRELIMINARY STATEMENT

1.     This is a civil rights action arising out of Plaintiff George Taffe's employment with Givaudan.  Mr. Taffe alleges that he was a victim of discrimination and retaliation and was terminated because of his race.

2.     Mr. Taffe's claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Ohio Civil Rights Act.

3.     Mr. Taffe seeks relief for the aforementioned acts and/or omissions in the form of compensatory damages for both his economic and non-economic injuries.  He also seeks punitive damages and equitable relief in the form of reinstatement or front pay, and an award of his reasonable attorney's fees and costs in prosecuting this matter.

## II. JURISDICTION AND VENUE

4.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 to secure protections and redress deprivations of rights conferred by Title VII and 42 U.S.C. § 1981. This Court may assume supplemental jurisdiction over Mr. Taffe's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from the same nucleus of operative facts as his federal claims.

5.      Venue with this Court is appropriate because all or part of the claim for relief arose in the Southern District of Ohio.

## III. PARTIES

6.      Plaintiff George Taffe is a United States citizen and a resident of Butler County, Ohio.  Mr. Taffe is African American.

7.      Defendant Givaudan is a Delaware corporation that conducts business in the Southern District of Ohio.  Givaudan is an "employer" as that term is defined in Title VII of the Civil Rights Act of 1964 and the Ohio Civil Rights Act.

## IV. ADMINISTRATIVE HISTORY

**8.**      On January 13, 2023, Mr. Taffe filed an administrative charge of discrimination and retaliation against Givaudan with the Equal Employment Opportunity Commission (473-2023-00674).  He alleged that Givaudan discriminated against him because of his race and retaliated against him for protesting race discrimination in the workplace.  The EEOC issued a Notice of Right to Sue on July 31, 2023.  This action is brought within 90 days of receiving the right-to-sue notice.

## V. STATEMENT OF THE CASE

9.      Givaudan hired Mr. Taffe in September 2021 to serve as a Maintenance Mechanic at its facility in the Carthage neighborhood of Cincinnati.

10.     Mr. Taffe is African American and was the only African American holding the position of Maintenance Mechanic out of a total of approximately 15 Maintenance Mechanics at the facility at which Givaudan employed Mr. Taffe.

11.     During Mr. Taffe's employment, a white Maintenance Mechanic, Bengie Whittle, used racial slurs in his presence while singing along to a song.  Mr. Taffe told Mr. Whittle that he did not appreciate Mr. Whittle using racial slurs.

12.     Thereafter, Mr. Whittle was hostile toward Mr. Taffe.

13.     In March 2022, Mr. Whittle falsely reported to Givaudan's human resources department that Mr. Taffe had threatened him.

14.     Givaudan's human resources department investigated Mr. Whittle's report and determined that it had no merit.

15.     In the course of that investigation, Givaudan's human resources department interviewed Mr. Taffe.  During that interview, Mr. Taffe reported that he was the victim of race discrimination.  Specifically, he reported Mr. Whittle's use of racial slurs in the workplace.  Mr. Taffe also reported that he had received an attendance warning that he perceived to be discriminatory.

16.     Two other white Maintenance Mechanics then posted signs in the workplace that appeared to be directed at Mr. Taffe and in retaliation for his report of discrimination. Mr. Taffe informed Givaudan that he was fearful of retaliation.

17.     Thereafter, in late March 2022, Alison DeGraaf placed Mr. Taffe on paid administrative leave while Givaudan investigated his complaint of discrimination.

18.     In the ensuing months, Mr. Taffe met with various members of Givaudan's human resources department and leadership team concerning his complaints of discrimination.

19. During this time, Givaudan kept Mr. Taffe on paid leave. Initially, Givaudan paid Mr. Taffe an amount that was equal to his usual and customary pay, which included regular time and overtime.

20. While on the paid leave, Mr. Taffe asked for Givaudan to transfer him to a different facility so that he could return to work. Givaudan initially agreed to do so, but Givaudan never completed the transfer.

21. On May 31, 2022, Mr. Taffe met with several members of Givaudan's human resources department and leadership team regarding the investigation into his complaints. During the meeting, Mr. Taffe complained that the investigation had not been fairly conducted.

22. Thereafter, Givaudan hired an outside attorney, Deborah Adams, to conduct an investigation.

23. Givaudan kept Mr. Taffe on paid leave. However, at this time Givaudan reduced the amount it was paying Mr. Taffe, paying him only for 40 hours per week, but not providing pay for the overtime hours he would have otherwise worked.

24. On June 20, 2022, Mr. Taffe met with Ms. Adams for an interview. He explained the various forms of discrimination he had endured.

25. Thereafter, Mr. Taffe remained on leave and repeatedly asked Ms. DeGraaf when he could return to work.

26. Ms. DeGraaf repeatedly put off Mr. Taffe or did not respond at all. When she did respond, she told him variously that she was either waiting to receive the results of Ms. Adams's investigation or that she would call him soon with an update.

27.  In August 2022, Ms. DeGraaf asked Mr. Taffe to meet with a second attorney from a different outside law firm, Susan Bell of Coors and Bassett, who was apparently conducting a new investigation in place of Ms. Adams.

28.  Mr. Taffe questioned why he had to restart the investigation after so many months and asked why Givaudan had still not provided him with the outcome of the first investigation conducted by Ms. Adams.

29.  Givaudan offered Mr. Taffe no reasonable explanation and Mr. Taffe did not meet with Ms. Bell.

30.  On September 15, 2022, Givaudan called Mr. Taffe into a meeting with Tracey Hotopp, a Givaudan Human Resources Director, and Doug South, Givaudan's Head of Operations.

31.  The meeting began with Ms. Hotopp and Mr. South explaining that Givaudan had conducted three investigations.

32.  Mr. Taffe asked for a copy of the investigations and asked when he could return to work.

33.  He complained to Givaudan that he had been out of work since March, that he had his pay reduced, and that he was the victim of discrimination.

34.  After Mr. Taffe once again complained about being the victim of discrimination, Ms. Hotopp asked Mr. Taffe: "Is this the way that you'd like to work?"  Mr. Taffe responded that he was not going to resign from a position where he was making $35 per hour.

35.  Givaudan then terminated the meeting and walked him out of the facility.

36.   On September 19, 2022, Givaudan terminated Mr. Taffe for allegedly "refus[ing] to have a respectful two-way discussion with us regarding your return to the mechanic role for which you were hired."

37.   Givaudan terminated Mr. Taffe because of his race and in retaliation for protesting acts of race discrimination in the workplace.

38.   As a direct and proximate result of Givaudan's actions, Mr. Taffe has suffered and will continue to suffer damages from lost income and benefits, emotional distress, and damage to his professional reputation.

## VI. STATEMENT OF CLAIMS

### Count 1: Race Discrimination
### 42 U.S.C. § 2000e, 42 U.S.C. § 1981, & Ohio Rev. Code § 4112

39.   Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

40.   Mr. Taffe is African American.

41.   Mr. Taffe was qualified for the position of Maintenance Mechanic.

42.   Givaudan terminated Mr. Taffe.

43.   Similarly-situated white employees were not placed on extended leaves of absence and were not terminated.

44.   As a result of the Defendant's actions, Mr. Taffe suffered damages, including lost wages and emotional distress.

### Count 2: Retaliation
### 42 U.S.C. § 2000e, 42 U.S.C. § 1981, & Ohio Rev. Code § 4112

45.   Plaintiff incorporates the previous paragraphs as if fully rewritten herein.

46.   Mr. Taffe engaged in protected activity when he opposed race discrimination.

47.   Givaudan was aware of Mr. Taffe's protected activity.

48.     Givaudan took adverse action against Mr. Taffe after he raised concerns that he was being subject to race discrimination and that Givaudan had not conducted a fair investigation into his complaints.

49.     There is a causal connection between Mr. Taffe's complaints of racial discrimination and the adverse action Givaudan took against him.

50.     Givaudan's stated reasons for terminating Mr. Taffe are pretext for illegal retaliation.

51.     As a result of Givaudan's actions, Mr. Taffe suffered damages, including lost wages and emotional distress.

## **PRAYER FOR RELIEF**

Wherefore, Mr. Taffe demands judgment against Givaudan as follows:

1.     An award of compensatory damages for all economic damages suffered by Mr. Taffe in an amount to be determined at trial;

2.     An award of compensatory damages for all non-economic damages suffered by Mr. Taffe in an amount to be determined at trial;

3.     For an order reinstating Mr. Taffe to his previous position at Givaudan, inclusive of all pay increases and benefits to which he would have been entitled had he not been terminated, or in the alternative, an award of front pay;

4.     For an award of punitive damages in an amount to be determined at trial;

5.     For an award of Mr. Taffe's reasonable attorney fees and costs;

6.     For an award of any other relief in law or equity to which Mr. Taffe is entitled under the premises.

Respectfully submitted,

**MEZIBOV BUTLER**

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)
615 Elsinore Place
Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 513.621.8833
bbutler@mezibov.com

*Counsel for Plaintiff George Taffe*

## JURY DEMAND

Plaintiff George Taffe demands a jury trial to resolve all issues of fact related to his Complaint.

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)